UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:25-CR-346 JMD |
| | ) | |
| | ) | |
| JAMES L. TOWNES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant, JAMES L. TOWNES, JR., represented by defense counsel, Kay Parish, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 of Criminal Case Number S1-4:25-CR-00346 JMD, the United States agrees to dismiss Counts 2 through 25 of Criminal Case Number S1-4:25-CR-00346 JMD and the Indictment in Criminal Case Number 4:25-CR-417 JMD. The United States further agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to fraudulently obtain properties through the submission of counterfeit quit claim deeds and other property

documents between on or about September 25, 2018, and on or about July 31, 2025. The government also agrees that no further federal prosecution will be brought in the district relative to Defendant's submission of false statements to the Social Security Administration in order to obtain federal disability benefits between on or about February 15, 2017, and on or about August 6, 2025, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3. ELEMENTS:**

As to Count 1 of Criminal Case Number S1-4:25-CR-00346 JMD, the defendant admits to knowingly violating Title 18, United States Code, Section 371, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*First,* that two or more people reached an agreement to commit the crimes of identity theft, aggravated identity theft, access device fraud, and unlawful production of an authentication feature, as charged in the superseding indictment;

*Second,* that the defendant voluntarily and intentionally joined in the agreement when it was first reached or while it was still in effect;

*Third,* that, at the time the defendant joined in agreement, he knew the purpose of the agreement; and

*Fourth,* that, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose carrying out or carrying forward the agreement.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant agrees and admits that, as early as September 25, 2018, he began filing fraudulent warranty deeds and quit claim deeds on properties in the City of St. Louis and St. Louis County that belonged to other individuals and businesses. According to the deeds he filed with the Recorder of Deeds for the two municipalities, Defendant claimed that he or members of his family purchased the properties from individuals he identified as the property owners. Using notary seals, he and his Co-defendant, Charnay Bartlett ("Bartlett"), fraudulently obtained from the State of Missouri Secretary of State, Defendant and Bartlett authenticated the forged signatures of those he identified as owners of the property. For at least three of the properties for which Defendant and his co-defendant filed, and attempted to file deeds, the purported owners, N.D., A.A., V.B., and M.F., were dead at the time their signatures were authenticated on the quit claim deeds Defendant submitted to the Recorder of Deeds for St. Louis County.

Thus, between February 14, 2020, and July 31, 2025, Defendant and Bartlett transferred at least 14 properties to Defendant, Defendant's companies, or his friends and family members. Defendant submitted the fraudulent quit claim deeds listed in the table herein to the Recorder of Deeds for the City of St. Louis and St. Louis County:

| DATE | ADDRESS | ACCESS DEVICE | PURPORTED GRANTOR | GRANTEE |
|---|---|---|---|---|
| 2/14/2020 | 11214 Cadigan St. Louis, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | A.B. | James L. Townes, Jr. |
| 2/28/2020 | 14700 Airelle Court Florissant, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | V.A.B. | C.A.R. |
| 9/28/2020 | 1652 Veronica St. Louis, Missouri | Quit Claim Deed – Notary Stamp of Charnay Bartlett | M.B.P. | B.E.T., Jr. |
| 11/5/2020 | 4373 Caracalla Florissant, Missouri | Quit Claim Deed - Notary Stamp of Charnay Bartlett | N.D. and T.D. | Tied Tight Entertainment LLC |
| 11/5/2020 | 12051 Jerries Lane St. Louis, Missouri | Quit Claim Deed - Notary Stamp of Charnay Bartlett | A.A. | Tied Tight Entertainment LLC by James L. Townes Jr. |
| 4/23/2021 | 14700 Airelle Court Florissant, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | U.S. Bank Trust, N.A. and K.T. | Amir's Property Management by C.R. |
| 6/23/2021 | 1648 Orchid Avenue St. Louis, Missouri | Quit Claim Deed – Notary Stamp of Charnay Bartlett | S.D.S. | Tied Tight Entertainment LLC by E.N. |
| 7/2/2021 | 12051 Jerries Lane St. Louis, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | Trustees of Heatherton by L.O. | Tied Tight Entertainment by James L. Townes Jr. |
| 6/11/2024 | 6071 Silver Fox Drive Florissant, Missouri | Quit Claim Deed - Notary Stamp of James L. Townes Jr. | J.G. | Tied Tight Entertainment LLC by R.W. |
| 10/28/2024 | 1129 Jennings Station Road St. Louis, Missouri | Quit Claim Deed | C.A.T. | Tied Tight Entertainment LLC by R.W. |
| 11/16/2024 | 667 Foxtail St. Louis, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | D.N.S. | Tied Tight Entertainment LLC by R.W. |
| 11/19/2024 | 1615 Derhake St. Louis, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | J.C. | Tied Tight Entertainment LLC by R.W. |
| 4/3/2025 | 5157 Wallingford | Quit Claim Deed – | P.A.P. | Tied Tight |

| | | | | |
|---|---|---|---|---|
| | St. Louis, Missouri | Notary Stamp of James L. Townes Jr. | | Entertainment LLC by R.W. |
| 4/21/2025 | 137 Riverwood Park Drive Florissant, Missouri | Quit Claim Deed – Notary Stamp of James L. Townes Jr. | M.F. and J.B.F. | Tied Tight Entertainment LLC by R.W. |

The true owners were required to expend considerable resources in quieting title to the property or were forced to abandon their property interest because they lacked the financial resources to initiate legal action. In some cases, Defendant obtained access to the property of others by forcing entry through locked doors and squatting. The intended losses associated with Defendant's actions exceeded $1,500,000. Defendant also agrees and admits that his scheme involved the use of the names of 10 or more individuals, and that the offense caused substantial financial hardship to more than one individual. The parties agree that the defendant did not manufacture the physical notary stamp.

In addition, Defendant agrees and admits, that in November 2020, U.S. Bank owned the residence located at 4373 Caracalla. Nevertheless, Defendant agrees and admits that he and Bartlett produced a notary acknowledgment form on November 5, 2020, to authenticate the forged signatures of the previous homeowners, N.D. and T.D. to a quit claim deed transferring the residence to one of Defendant's registered businesses, Tied Tight Entertainment LLC. Defendant further agrees and admits that N.D. died in August of 2019, prior to the execution of the fraudulent quit claim deed.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy to defraud to which the defendant is pleading guilty in Count 1 of Criminal Case Number S1-4:25-CR-00346 JMD is imprisonment of not more than 5 years, a

fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

**6. U.S. SENTENCING GUIDELINES 2025 MANUAL (with November 2026 Amendments):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 6 as Found in Section 2B1.1(a)(2).

**(2) Chapter 2 Specific Offense Characteristics**: The parties submit that the following specific offense characteristics apply: ***14 levels*** should be added pursuant to Section 2B1.1(b)(1)(E) because the loss resulting from the offense was more than $750,000 but less than $2,000,000; ***2 levels*** should be added pursuant to Section 2B1.1(b)(2)(A)(i) and (ii) because the offense involved 10 or more victims; ***2 levels*** should be added pursuant to Section 2B1.1(b)(10)(C) because the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means; and ***2 levels*** should be added pursuant to Sections 2B1.1(b)(11)(A)(i), (A)(ii), and (B)(ii) because the offense involved the possession and use of any device-making equipment, the production of any authentication feature, and trafficking of an unauthorized access device.

**b. Chapter 3 Adjustments:**

**(1) Other Chapter 3 Adjustments:** The parties submit that the following specific offense characteristics apply: ***2 levels*** should be added pursuant to Section 3A1.1(b)(1) because the defendant knew or should have known that some of the homeowners were vulnerable victims; ***2 levels*** should be added because the defendant was an organizer, leader, manager or supervisor of a criminal activity (Section 3B1.1(c)), and ***2 levels*** should be added because the defendant abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense, per Section 3B1.3.

**(2) Acceptance of Responsibility**: The parties recommend that ***two levels*** should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct ***one additional level*** pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

The parties have no further agreements as to any applicable Sentencing Guidelines adjustments.

**c. Estimated Total Offense Level:** The parties estimate that the total offense level is 29.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery and the guilty plea.

**(2) Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of

the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the

defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count for a total of $100.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture**: The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture

authorities. Defendant specifically agrees to the entry of a forfeiture money judgment in the amount of the restitution order imposed by the Court at the time of sentencing. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:** In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-

examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/15/26
Date

GWENDOLYN E. CARROLL #4657003NY
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

10-15-26
Date

[James L Townes Jr]
JAMES L. TOWNES, JR.
Defendant

10/15/26
Date

KAY PARISH
Attorney for Defendant